UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
++++++++++++++++++++++++++++++++++++++++++++++++++++

**CHARLES WATSON,**

                                       **Plaintiff,**

                                 -v-                                                     9:08-CV-62 (NAM/GJD)

**DR. LESTER WRIGHT, Chief Medical Officer, DOCS;
DOYON DE AZEVEDO, FHSD, Clinton CF, KAREN
BELLAMY, Director Inmate Grievance Program,**

                                      **Defendants.**

++++++++++++++++++++++++++++++++++++++++++++++++++++

APPEARANCES:

Charles Watson
03-A-2302
Clinton Correctional Facility
P.O. Box 2000
Dannemora, New York 12929
Plaintiff, *pro se*

Hon. Andrew M. Cuomo, Attorney General of the State of New York
Aaron M. Baldwin, Assistant Attorney General
The Capitol
Albany , New York 12224
Attorney for Defendants

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

      Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), brought this action for injunctive and monetary relief under 42 U.S.C. § 1983, alleging deprivation of constitutionally adequate medical care and infringement of his right to privacy. Defendants' motion for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) was referred to United States Magistrate Judge Gustave J. DiBianco for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c). Pursuant to 28 U.S.C. § 636(b)(1)(C), this

Court reviews *de novo* those parts of a report and recommendation to which a party specifically objects.

Magistrate Judge DiBianco recommends that dismissal be denied as to the first cause of action under the Eighth Amendment for deprivation of adequate medical care, and that dismissal be granted as to the second cause of action under the Fourteenth Amendment for infringement of his right to privacy. Plaintiff objects to the Report and Recommendation insofar as it recommends dismissal of the second cause of action. Accordingly, this Court reviews *de novo* the question of dismissal of this cause of action.

The Court agrees with Magistrate Judge DiBianco's recommendation that the second cause of action be dismissed. The Second Circuit has held that a person's interest in the privacy of medical information will vary with the medical condition, and has found a constitutional right under the Due Process Clause of the Fourteenth Amendment to maintain medical confidentiality regarding certain "unusual" conditions, specifically positive HIV status and transsexualism, on the ground that they are "likely to provoke both an intense desire to preserve one's medical confidentiality, as well as hostility and intolerance from others." *Powell v Schriver*, 175 F.3d 107, 111 (2d Cir. 1999). Where an inmate holds such a right, prison officials may impinge on it only to the extent that their actions are reasonably related to legitimate penological interests. *Powell*, 175 F.3d at 112. This Court finds no basis in *Powell* and its progeny for holding that, in a prison setting, plaintiff's Hepatitis C condition is the type of condition that gives rise to constitutional protection under *Powell*.[1] *See, e.g., Hamilton v. Smith*, 2009 WL 3199531, *15,

---

[1] Hepatitis C has been held to be a serious medical condition for Eighth Amendment purposes, *see, e.g., Tatta v. Wright*, 616 Fed.Supp.2d 308 (N.D.N.Y. 2007); however, there is no basis in the case law to hold that, in the prison context, it is the type of unusual serious medical condition that, if disclosed, is likely to provoke both an intense desire

n.18 (N.D.N.Y. Jan. 13, 2009) (inmate had no Fourteenth Amendment right to privacy concerning high blood pressure, high cholesterol, and Hepatitis A); *Rush v. Artuz*, 2004 WL 1770064, *12 (S.D.N.Y. 2004) (inmate had no Fourteenth Amendment right to privacy regarding wrist injury and stomach problems); *Rodriguez v. Ames*, 287 Fed.Supp.2d 213, 220 (W.D.N.Y. 2003) (inmate had no Fourteenth Amendment right to privacy concerning treatment for proctitis).  Moreover, once plaintiff placed his Hepatitis C condition in issue by filing a grievance about his treatment for it, disclosure of that condition to the Inmate Grievance Review Committee ("IGRC") was necessary to enable it to address the grievance.  Thus, as a matter of law the disclosure was reasonably related to the legitimate penological interest of adjudicating the grievance and does not constitute a violation of plaintiff's right to privacy.  *See, e.g., Gowins v. Greiner*, 2002 WL1770772, *9 (S.D.N.Y. Jul. 31, 2002) (submission of plaintiff's medical record in response to his grievance concerning his medical treatment was reasonably related to the legitimate penological interest of adjudicating the grievance); *compare Powell*, 175 F.3d at 112 ("gratuitous" disclosure of transsexual inmate's confidential medical information as humor or gossip is not reasonably related to a legitimate penological interest).  In view of the legitimate penological interest involved here, and in the absence of a constitutional right to privacy, the presence of inmate representatives on the IGRC does not provide support for plaintiff's claim.  Accepting the truth of plaintiff's allegations, affording him the solicitude due to a *pro se* plaintiff,

---

to preserve one's medical confidentiality, as well as hostility and intolerance from others, *Powell*, 175 F.3d at 111 (transsexualism), or expose a plaintiff to "discrimination and intolerance," *Doe v. City of N.Y.*, 15 F.3d 264, 267 (2d Cir. 1994) (positive HIV status) so as to give rise to a Fourteenth Amendment right to privacy.  The *Powell* rationale has been extended to only one additional medical condition: the district court in *Fleming v. State Univ. of N.Y.*, 502 Fed.Supp.2d 324, 342-44 (E.D.N.Y. 2007), found a Fourteenth Amendment privacy violation where a doctor alleged that his residency program had disclosed his sickle-cell anemia to a prospective employer, and defendants did not have a substantial interest in disclosure.  The interests of the individual and the state in the prison setting (as in *Powell* and the instant case) differ substantially from those at issue in *Fleming*, and the rationale in *Fleming* does not support a privacy claim in the case at bar.

and interpreting his submissions to raise the strongest arguments they suggest, the Court concludes that plaintiff's submissions do not state a cause of action for infringement of his right to privacy.

Upon *de novo* review, the Court agrees with Magistrate Judge DiBianco's recommendation that the second cause of action be dismissed. Because the problem with plaintiff's second cause of action is substantive and cannot be cured by better pleading, dismissal is without leave to replead. *See generally Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

It is therefore

ORDERED that the Report and Recommendation (Dkt. No. 53) is accepted and adopted; and it is further

ORDERED that defendants' motion to dismiss (Dkt. No. 41) is granted in part and denied in part; and it is further

ORDERED that the second cause of action in the second amended complaint (Dkt. No. 40) is dismissed, and Karen Bellamy is no longer a defendant in this action.

IT IS SO ORDERED.

Date: January 5, 2010

_____
Norman A. Mordue
Chief United States District Court Judge